FILED
JUL 27 2007
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

7

MARK L. POPE #182769
Assistant United States Trustee
JEFFREY J. LODGE #152205
GREGORY S. POWELL #182199
United States Department of Justice
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, California 93721
Telephone: (559) 487-5002
Telecopier: (559) 487-5030

Attorneys for Sara L. Kistler,
Acting United States Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| In re: MARTHA ROSELINA DA SILVA, Debtor. | Case No. 07-10607-B-7<br>Chapter 7<br>DC No. UST-1<br><br>Date: July 25, 2007<br>Time: 10:00 a.m.<br>Place: U.S. Bankruptcy Court<br>Courtroom 12, Fifth Floor<br>2500 Tulare Street<br>Fresno, California<br>Judge: W. Richard Lee |
|---|---|

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING UNITED STATES TRUSTEE'S MOTION FOR AN ORDER IMPOSING A FINE PURSUANT TO 11 U.S.C. § 110(l)**

On July 25, 2007, the Court considered the United States Trustee's Motion for An Order Imposing a Fine Pursuant to 11 U.S.C. § 110(l). Mark L. Pope, Esq. appeared for the United States Trustee. There was no appearance or response by Annette Tomsha. Having reviewed the pleadings and considered the arguments of the parties, the Court now issues the following findings of fact and conclusions of law.

<u>**Findings of Fact**</u>

1. On March 7, 2007, Martha Roselina Da Silva ("debtor") filed a voluntary petition under chapter 7. The debtor was not represented by counsel when she filed and there was no indication in any of her papers that she had been assisted by a bankruptcy petition preparer.

RECEIVED
July 26, 2007
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0000842878

28

2. On debtor's Schedule A - Real Property, also filed March 7, 2007, she stated "NONE."

3. On April 11, 2007, the debtor appeared for her meeting of creditors under 11 U.S.C. § 341(a) with Sheryl Strain, chapter 7 trustee ("trustee"), presiding.

4. The debtor testified that she was assisted with her petition by Annette L. Tomsha ("preparer") of Agriculture and Merchants Business Services ("A&M") whom she had paid $150. She testified that she met with the preparer about four times. She testified that she gave the preparer her financial information which the preparer wrote onto a questionnaire and then typed into a computer to produce the debtor's bankruptcy papers. Thee debtor testified she personally used the preparer's computer to complete her online credit counseling. The debtor testified she did not know why her debts were listed on Schedule F - Unsecured Nonpriority Claims rather than Schedule E - Unsecured Priority Claims. She testified that she did not know what an exemption was. The meeting was continued to April 25, 2007.

5. On April 16, 2007, the debtor filed amended Schedules A, B, C, D, I and J and an amended Statement of Financial Affairs. The Amendment Cover Sheet was signed by the debtor and by David R. Jenkins as attorney for the debtor.

6. The debtor's Amended Schedule A disclosed her interest in six real properties in Mexico.

7. On April 24, 2005, Annette L. Tomsha wrote to the trustee by facsimile transmission and stated that the services the debtor paid her for were limited to "copies, computer usage, postage, etc." and that she did not provide the debtor with preparer services and was not legally able to do so. The letter was accompanied by an invoice from AM Business Services for the debtor for $150.81. The invoice show charges for internet use, copies, a telephone call to Mexico and a Fedex charge.

8. On April 25, 2007, the debtor appeared at her continued meeting of creditor, this time accompanied by an attorney. She testified that her dad had taken her to the preparer.

She testified that the preparer asked her questions and wrote down her answers. She testified the preparer printed out the bankruptcy documents and the debtor signed them. She testified she did not know where the preparer got the bankruptcy documents. She testified that the preparer and the debtor's father both told her she did not need to "mix Mexico with the states" by listing her interest in the Mexico real property in the bankruptcy papers. She denied having made a telephone call to Mexico from the preparer's office and testified that she and her father left the preparer's office with the signed originals of her bankruptcy documents which her father personally filed with the bankruptcy court.

**Conclusions of Law**

9. The United States Trustee is statutorily obligated to monitor the administration of cases commenced under chapter 7, 11, 12 and 13 of the Bankruptcy Code. 28 U.S.C. § 586(a)(3). The United States Trustee has standing to raise, and to appear and be heard on, any issue in any bankruptcy case or proceeding. 11 U.S.C. § 307. The United States Trustee may file a motion for an order imposing a fine on a bankruptcy petition preparer for any violation of section 110 of the Bankruptcy Code. 11 U.S.C. § 110(l)(3).

10. Annette L. Tomsha is a bankruptcy petition preparer. Section 110 of the Bankruptcy Code provides in relevant part:

> (1) "bankruptcy petition preparer" means a person, other than an attorney for the debtor or an employee of such attorney, who prepares for compensation a document for filing; and
> (2) "document for filing" means a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States District court in connection with a case under this title.

11 U.S.C. § 110(a)(1) and (2).

Annette L. Tomsha is not an attorney. She prepared the debtor's bankruptcy petition, schedules, and statements for filing with the bankruptcy court. She was paid $150 for her services.

11. The preparer will be fined. Section 110 of the Bankruptcy Code provides in relevant part:

> (l)(1) A bankruptcy petition preparer who fails to comply with any provision of subsection(b),(c),(d),(e),(f),(g), or (h) may be fined not more than $500 for each such failure

11 U.S.C. § 110(l)(1).

The preparer failed to comply with subsections (b), (c), (e) and (h) of Section 110, as described below, and will be fined for each such failure.

12. Section 110 of the Bankruptcy Code provides in relevant part:

> (b)(1) A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address.

11 U.S.C. § 110(b)(1)

The preparer did not sign or print her name and address on the following documents:

a. Petition
b. Schedules of Assets of and Liabilities
c. Statement of Financial Affairs
d. Statement of Intentions

Each of these documents has a signature block which calls for a Non-attorney Petition Preparer to print their name and address, place their Social Security number and sign as required by 11 U.S.C. § 110. Each such block on each document includes or is headed by bold print language that specifically references 11 U.S.C. § 110. Even if this were the first and only debtor for whom this preparer prepared bankruptcy documents, her failure to complete the signature blocks as a Non-attorney Petition Preparer can only be seen as wilful. If she has prepared documents for other debtors, her failure to disclose her involvement in this case is even more serious. The Preparer will be fined $500 for each document she failed to sign, or $2,000. Additionally, she will be fined $500 for each document on which she failed to print her name and address, or $2,000.

13. Section 110 of the Bankruptcy Code provides in relevant part:

> (c)(1) A bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signature, an identifying number that identifies the individuals who prepared the document.
> (c)(2)(A) . . . [F]or purposes of this section, the identifying number of a bankruptcy petition preparer shall be the Social Security number of each individual who prepared the document or assisted in its preparation.

11 U.S.C. §§ 110(c)(1) and (2)(A).

The preparer failed to place her Social Security number on the following documents:

a. Petition
b. Schedules of Assets of and Liabilities
c. Statement of Financial Affairs
d. Statement of Intentions

She will be fined $500 for each document on which she failed to place her Social Security number, or $2000.

14. Section 110 of the Bankruptcy Code provides in relevant part:

> (c)(2)(A) Before preparing any document for filing or accepting any fees from a debtor, a bankruptcy petition preparer shall provide the debtor a written notice which shall be written on an official form prescribed by the Judicial Conference of the United States . . .
> (B) The notice under subparagraph (A) -
> (i) shall inform the debtor in simple language that a bankruptcy petition preparer is not an attorney and may not practice law or give legal advice;
> (ii) may contain a description of examples of legal advice that a bankruptcy petition preparer is not authorized to give . . .; and
> (iii) shall-
> (I) be signed by the debtor and, under penalty of perjury, by the bankruptcy petition preparer; and
> (II) be filed with any document for filing.

11U.S.C. §§ 110(c)(2)(A) and (B).

The Judicial Conference of the United States has prescribed an Official Form to allow a bankruptcy petition preparer to provide the referenced notice i.e., Official Form 19B Notice to Debtor by Non-Attorney Bankruptcy Petition Preparer. The preparer did not provide the debtor with such a notice and it was not filed with the court. The preparer will be fined $500 for such failure.

15. Section 110 of the Bankruptcy Code provides in relevant part:

> (e)(2)(A) A bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice, including any legal advice describe in subparagraph (B).
> (B) The legal advice referred to in subparagraph (A) includes advising the debtor . . .(iii) whether the debtor will be able to retain the debtor's home, car, or other property after commencing a case under this title . . .
> (vi) concerning how to characterize the nature of the debtor's interests in property or the debtor's debts

11 U.S.C. §§ (e)(2)(A) and (B).

The preparer gave the debtor legal advice on whether the debtor would be able to retain her

appliances, furnishing, clothing and jewelry by preparing her Schedule C - Property Claimed As Exempt and inserting those items. Debtor did not know what an exemption was. The preparer will be fined $500. The preparer gave the debtor legal advice concerning how to characterize the debtor's debts by preparing her Schedule F - Creditor Holding Unsecured Nonpriority Claims, and inserting all of the debtor's debts there. The debtor did not know why her debts were listed on Schedule F rather than Schedule E. The preparer will be fined $500. The preparer gave the debtor legal advice concerning how to characterize the nature of the debtor's interest in the Mexico property by telling her she did not need to list the property in her bankruptcy papers because it would only confuse things more. The preparer will be fined $500, for a total of $1,500 for providing unauthorized legal advice.

15. Section 110 of the Bankruptcy Code provides in relevant part:

> (h)(2)(A) A declaration under penalty of perjury by the bankruptcy petition preparer shall be filed together with the petition, disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case . . . .
> (h)(3)(A) The Court shall disallow and order the immediate turnover to the bankruptcy trustee any fee referred to in paragraph 2 found to be in excess of the value of the services -
>   (i) rendered by the bankruptcy petition preparer during the 12-month period immediately preceding the filing of the petition . . .
> (h)(3)(B) All fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsections (b), (c), (d), (e), (f), or (g).

11 U.S.C. §§ 110(h)(2)(A).

The preparer failed to file a declaration disclosing the $150 fee she received from debtor for preparing the bankruptcy documents. She will be fined $500. The preparer failed to comply with subsections (b), (c), (e), and (h). Therefore, her $150 fee will be ordered forfeited and returned to the debtor.

16. Section 110 of the Bankruptcy Code provides in relevant part:

> (l)(2) The court shall triple the amount of a fine assessed under paragraph (1) in any case in which the court finds that a bankruptcy petition preparer -
>   (A) advised the debtor to exclude assets or income that should have been on applicable schedules. . . ;
>   (D) prepared a document for filing in a manner that failed to disclose the identity

of the petition preparer.
11 U.S.C. § 110(l)(2).

This treble fines provision was added to Section 110 by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") and may fairly be seen as a recent, legislative expression of the harm and frequency of these particular types of bankruptcy petition preparer abuses. See also 18 U.S.C. § 156 (also part of BAPCPA)(If a bankruptcy case is dismissed because of a knowing attempt by a bankruptcy petition preparer to disregard the requirements of Title 11 or the Bankruptcy Rules, the bankruptcy petition preparer is subject to fine, imprisonment for not more than 1 year, or both). The preparer advised the debtor not to list her interest in real property in Mexico in her bankruptcy papers. The preparer also prepared each of the debtor's bankruptcy documents in a manner that failed to disclose the preparer's identity. She will be fined in the total amount of $8,500, as set forth above, and a fine in that amount, if imposed, must be tripled to $25,500.

## Conclusion

For the foregoing reasons, the Court concludes the following relief should be granted:

1. Annette L. Tomsha will be fined in the amount of $25,500 payable to the United States Trustee within 30 days from the date of this Order

2. Annette L. Tomsha will disgorge her fee of $150 to Martha Roselina Da Silva and provide proof thereof to the United States Trustee within 30 days from the date of this Order. A separate order shall be entered.

Dated: 7-27-07

W. Richard Lee
United States Bankruptcy Judge